IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW JOB DALY,

     Plaintiff,

     v.                                   CASE NO.  24-3218-JWL

ELIZABETH OLIVER, et al.,

     Defendants.

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff Matthew Job Daly is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.  Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

**I.  Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  The Court grants Plaintiff's motion for leave to proceed in forma pauperis.  Although Plaintiff is currently out of custody, his claims arose during his detention at the Anderson County Adult Detention Center in Garnett, Kansas ("ACADC").  As the sole claim in this action, Plaintiff alleges that the legal resources available to ACADC inmates, including Plaintiff while he was housed there in February and March 2024, were inadequate. (Doc. 1-1.)  Plaintiff alleges that the newest law books available were 2012 supplements, the covers of which states that "' the contents of this book are to be discarded the following year." *Id.* Plaintiff further asserts his belief that if he had access to more timely and adequate legal resources, he would have been able to appeal a ruling in an undescribed state-court matter.  *Id.* at 5; (Doc. 1-1).  Due to the inadequate legal resources, however, he was unable to file an appeal.  (Doc. 1, at 5.)

1

As Defendants to this matter, Plaintiff names Anderson County District Attorney Elizabeth Oliver and ACADC Jail Administrator Robert Calcott, both in their official capacity.  *Id.* at 2. For relief, he seeks "employment repercussions to those involved in the atrocities they have committed against [him]" and $100,000 in compensatory damages.  *Id*. at 5.

## II.  Statutory Screening of Prisoner Complaints

Because Plaintiff proceeds in forma pauperis in this matter, the Court is required to "dismiss the case at any time if the court determines that—. . . (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit."  28 U.S.C. § 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Defendants

#### A. Sovereign Immunity

Defendant Oliver, a state district attorney, is subject to dismissal from this matter because she is immune from suit for money damages. The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)). Therefore, in the absence of some consent, a suit in which an agent or department of the state is named as a defendant is "proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). It is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

For § 1983 purposes, a state official is the state itself when sued in his or her official capacity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). A state officer sued in his or her official capacity also enjoys this protection. *Colby v. Herrick*, 849 F.3d 1273, 1276 (10th Cir. 2017). "When a suit alleges a claim against a state official in his official capacity, the real party in interest in the case is the state, and the state may raise the defense of sovereign immunity under the Eleventh Amendment." *Callahan v. Poppell*, 471 F.3d 1155, 1158 (10th Cir. 2006) (quotation omitted).

The bar also applies when the entity is an arm or instrumentality of a state. *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000). In determining whether an entity is an

4

instrumentality or arm of the state for purposes of Eleventh Amendment immunity, the Tenth

Circuit has established a two-part inquiry, requiring an examination of: (1) "the degree of

autonomy given to the agency, as determined by the characterization of the agency by state law

and the extent of guidance and control exercised by the state," and (2) "the extent of financing the

agency receives independent of the state treasury and its ability to provide for its own financing."

*Duke v. Grady Mun. Sch.*, 127 F.3d 972, 974 (10th Cir. 1997) (citations omitted). "The

governmental entity is immune from suit if the money judgment sought is to be satisfied out of the

state treasury." *Id*. (citations omitted).

A county district attorney's office, "to the extent that it is an entity that can be sued, is a

branch or agency of the state under applicable law and, therefore, is also immune under the

Eleventh Amendment." *Collins v. McClain*, 207 F. Supp. 2d 1260, 1263 (D. Kan. 2002) (citations

omitted); *see also White v. Blackwell*, 343 F. App'x 341, 342 (10th Cir. 2009) (damage claim

against county prosecutor in her official capacity barred by Eleventh Amendment immunity);

*McCormick v. Bd. of Cty. Comm'rs of Shawnee Cty.*, 24 P.3d 739, 746 (Kan. Ct. App. 2001) ("In

Kansas, district attorneys are officers of the State."). Thus, any official capacity claim against

Defendant Oliver in her official capacity for monetary damages is barred by sovereign immunity.

Furthermore, state officers acting in their official capacity are not considered "persons" against

whom a claim for damages can be brought under § 1983. *Will v. Mich. Dept. of State Police*, 491

U.S. 58, 71 (1989).

### B.  Personal Participation

Even if Plaintiff had pled an individual capacity claim against Defendant Oliver, Plaintiff

has failed to allege how she personally participated in the deprivation of his constitutional rights.

An essential element of a civil rights claim against an individual is that person's direct personal

participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

To his credit, Plaintiff candidly concedes in the complaint that he has named the district attorney as a Defendant in this matter because of his "understanding that the district attorney's office oversees circumstances concerning the procedures and expenses regarding a county facility." (Doc. 1-1.) Even assuming that understanding is accurate, however, supervisory status is not sufficient to impose liability under § 1983, as explained above.

Similarly, Plaintiff's claim against Defendant Calcott is subject to dismissal for failure to allege the required personal participation in a constitutional violation. Plaintiff asserts that as jail administrator, Defendant Calcott "failed to provide [Plaintiff] with the necessary legal literature

required for [Plaintiff] to be able to fight [his] appeal." (Doc. 1-1.) Plaintiff further asserts that Defendant Calcott has persistently created a situation that has been detrimental to [Plaintiff] and others having the ability to defend themselves." (Doc. 1-1.) Plaintiff has not pled specific facts that show that Defendant Calcott directly participated in the selection or maintenance of the legal resources available to ACADC inmates. As noted above, "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *See Hall*, 935 F.2d at 1110.

### 3. Court Access

Although Plaintiff has not identified the constitutional provision he believes was violated by the lack of current legal resources for inmates at the ACADC, his claim will be liberally construed as one asserting denial of the right to access the courts. It is well-established that a prison inmate has a constitutional right of access to the courts. However, it is equally well-settled that in order "[t]o present a viable claim for denial of access to courts, . . . an inmate must allege and prove prejudice arising from the defendants' actions." *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing.").

An inmate may satisfy the actual-injury requirement by demonstrating that the alleged acts or shortcomings of defendants "hindered his efforts to pursue" a non-frivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Burnett v. Jones*, 437 F. App'x 736, 744 (10th Cir. 2011) ("To state a claim for violation of the constitutional right to access the courts, a prisoner 'must demonstrate actual injury . . .—that is, that the prisoner was frustrated or impeded in his efforts to pursue a

nonfrivolous legal claim concerning his conviction or his conditions of confinement.'") (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010)).

The Supreme Court plainly held in *Lewis* that "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 at 354. Rather, the injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement." *Id.* at 355. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* (emphasis in original); *see also Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995) ("[A]n inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus.") (citations omitted).

The right to access the courts does not guarantee inmates the right to a law library or to legal assistance, but merely to "the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Id.* 350–51 (quoting *Bounds v. Smith,* 430 U.S. 817, 825 (1977)). The right to access the courts is "only [the right] to present . . . grievances to the courts," and does not require prison administrators to supply resources guaranteeing inmates' ability "to litigate effectively once in court" or to "conduct generalized research." *Id.* at 354, 360.

In this matter, Plaintiff has not identified the non-frivolous legal claim he would have raised in the appeal he would have filed had he been given adequate legal resources during his time at the ACADC. Nor has he explained whether the appeal he sought to pursue was in a case that either attacked a criminal sentence or challenged the conditions of confinement. Thus, he has failed to state a plausible claim that the inadequate legal resources at ACADC denied him his

constitutional right to access the courts.  Plaintiff should show good cause why his court access claim should not be dismissed for failure to state a claim.  He is also granted the opportunity to file an amended complaint to provide additional factual allegations to support such a claim.  If Plaintiff intended to claim the violation of a different constitutional right, he should clearly identify that right in an amended complaint.

### 4.  Relief Requested

As relief, Plaintiff seeks employment repercussions and compensatory damages.  (Doc. 1, at 5.)  To the extent Plaintiff seeks employment repercussions, the Court is without authority to grant such relief.  *See Belles v. Lasswell*, 2020 WL 5993261, *1 (D. Kan. Oct. 9, 2020) (unpublished) (addressing the plaintiff's request in a § 1983 action for the termination of a defendant's employment and collecting cases holding that federal district courts are "without authority to grant such relief").  Plaintiff also seeks compensatory damages.  Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e).  To the extent Plaintiff seeks compensation for injuries suffered while in custody, he has failed to show a physical injury or the commission of a sexual act, as required by the statute.

## IV.  Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1]  Plaintiff is

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and

given time to file a complete and proper amended complaint in which he (1) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court and (2) alleges sufficient facts to show personal participation by each named defendant. If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 3) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **January 10, 2025,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **January 10, 2025**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated December 9, 2024, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**

---

instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (24-3219-JWL) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.